| | | |
|---|---|---|
| CONSOLIDATED WATERPROOFING CONTRACTORS, INC.<br>10732 Hanna Street<br>Beltsville, Maryland 20705 | * | IN THE |
| | * | CIRCUIT COURT |
| | * | FOR |
| Plaintiff, | * | PRINCE GEORGE'S COUNTY |
| v. | * | Case No. CAL18-38785 |
| ALLIED WORLD ASSURANCE COMPANY (US), INC. (a/k/a Allied World Insurance Company)<br>1690 New Britain, Suite 101<br>Farmington, Connecticut 06032 | * | |
| | * | |
| | * | |
| Defendant | * | |
| Serve: Maryland Insurance Commissioner<br>200 St. Paul Place, Suite 2700<br>Baltimore, Maryland 21202 | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT

Plaintiff, Consolidated Waterproofing Contractors, Inc., by and through its attorney, Justin S. Dunbar and Dunbar Law, LLC, hereby files this Complaint against Defendant, Allied World Assurance Company (US), Inc., and states as follows:

### PARTIES, VENUE AND JURISDICTION

1. At all times relevant to this case, Plaintiff, Consolidated Waterproofing Contracting, Inc. (hereinafter "CWC"), is a corporation licensed to do business in Maryland, with its principal office located in Beltsville, Prince George's County, Maryland.

2. At all times relevant to this case, Defendant, Allied World Assurance Company (US), Inc. (hereinafter "Allied World"), is a subsidiary of Switzerland-based

Allied World Assurance Company Holdings, with its principal US office located in Connecticut.

3. At all times relevant to this case, Defendant Allied World, is engaged in the insurance business, within the meaning of Md. Code Ann., Insurance Article, § 1-101(t) and sold commercial insurance policies with applicable liability limits exceeding of one million dollars, to Plaintiff in Prince George's County, Maryland.

4. Jurisdiction and Venue in this case are proper in Prince George's County, Maryland under Md. Code Ann., Insurance Art., § 3-1701(c)(iii) and Md. Code Ann., Cts. & Jud. Proc. Art., §6-202.

## COUNT I

## INSURER'S FAILURE TO ACT IN GOOD FAITH AND VIOLATION OF MARYLAND'S UNFAIR CLAIMS SETTLEMENT PRACTICES ACT

5. This matter arises from losses suffered by Plaintiff during its roofing and waterproofing work at the MGM National Harbor construction project ("the Project"), located in Prince George's County, Maryland during the period between April, 2017 and March, 2018.

6. Defendant Allied World issued a Contractors Professional and Pollution Liability Policy with an applicable policy period of April 4, 2017 to June 3, 2018 to Plaintiff (hereinafter "the Policy"). The retroactive date of the Policy is April 4, 2013.

7. Pursuant to the pertinent terms of the Policy, Defendant Allied World is required to pay sums that Plaintiff becomes legally obligated to pay as damages caused by a pollution incident that results from Plaintiff's work, subject to certain terms and conditions, including that the Plaintiff's work commenced on or after the applicable

retroactive date, and results in a claim made against the insured and reported to Defendant, in writing, during the policy period.

8. Under the terms of the Policy, a Pollution Incident is defined to include the presence of microbial matter on, at or within building structures. Further, the Policy states that Pollutants is defined to include microbial matter, which in turn is defined to mean, fungi, mold, bacteria, or viruses.

9. During the Project, and within the applicable time period covered by the Policy, a temporary sealant applied by Plaintiff, and required by the project documents, failed causing moisture penetration to the roof which resulted in a Pollution Incident as defined by the Policy.

10. Plaintiff denies that its work was defective.

11. As a result of the Pollution Incident, and required by the project documents, Plaintiff suffered damages and costs associated with remedial work to portions of the roof and gutters at the Project in the amount of $1,021,621.05.

12. Additionally, under the Professional Liability coverage portion of the Policy, Allied World is required to pay sums that its insured becomes legally obligated to pay as professional damages because of a claim resulting from an actual or alleged act, error or omission in professional services, subject to certain terms and conditions, including that the claim arises out of professional services rendered on or after the applicable retroactive date and prior to the expiration of the policy period, results in a claim made against the insured and reported to Defendant, in writing, during the policy period, and is not covered under Pollution Liability.

13. Under the terms of the Policy, professional services are defined as value added engineering and field changes to design.

14. Plaintiff paid all premiums due under the Policies, and the Policies were in full force and effect on the date of the loss.

15. On or about July 7, 2017, in accordance with the terms and condition of the Policy, Plaintiff filed a claim with Defendant for the damages sustained following and complying with the claims procedure set forth in the Policy.

16. On April 17, 2018, Defendant Allied World denied coverage for Plaintiff's Pollution Liability claim, advising that the incurred damages were to repair its own work and that Plaintiff voluntarily assumed an obligation prior to notifying Allied World of the claim.

17. On May 17, 2018, Defendant Allied World denied coverage for Plaintiff's Professional Liability claim, advising that no claim was made as defined by the policy.

18. The applicable coverage limits under the Policy exceeds one million dollars.

19. Maryland law requires an insurer to act in good faith toward its policyholder in connection with the adjustment and settlement of first party claims. This duty of good faith includes the duty to make informed judgments based on honesty and diligence, supported by evidence that the insurer knows or should know. Defendant Allied World owed Plaintiff these duties, among others, in handling Plaintiff's claim.

20. Defendant Allied World breached its duties to Plaintiff and failed to act in good faith by, among other things, wrongfully denying coverage for which Plaintiff's premiums paid for; failing to affirm or deny coverage within a reasonable time; by

4

knowingly misrepresenting facts and policy provisions relating to coverage; by ignoring any evidence to support coverage; and failing to conduct a reasonable, timely and unbiased investigation of Plaintiff's claims.

21. The acts and omissions of Defendant toward Plaintiff, and the manner in which Defendant handled Plaintiff's claim, constitute an unfair claim settlement practice and violates the standards of good faith and fair dealing imposed on Defendant under Maryland law.

WHEREFORE, Plaintiff, Consolidated Waterproofing Contractors, Inc., demands that this Court enjoin Defendant, Allied World Assurance Company (US), Inc. from refusing to pay Plaintiff's claim; to order Defendant to cease and desist from its practice of refusing to pay such claims; that this Court award Plaintiff damages incurred as a result of Defendant's failure to pay the claim or act in good faith; that judgment be entered in Plaintiff's favor against Defendant; reasonable attorney's fees incurred by Plaintiff in the prosecution of this action; costs, and such other relief as the Court deems necessary and appropriate.

Respectfully Submitted,

/s/
Justin S. Dunbar CPF# 0312160190
DUNBAR LAW, LLC
5850 Waterloo Road, Suite 140
Columbia, Maryland 21045
(443) 325-7275 (phone)
(410) 480-7081 (fax)
justin@dunbarlawoffice.com
*Counsel for Plaintiff*